1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public trust corporation, ON BEHALF OF UNIVERSITY OF CALIFORNIA IRVINE MEDICAL CENTER,<br><br>Plaintiff<br><br>vs.<br><br>PREMERA BLUE CROSS, a Washington for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | CASE NO.  8:16-cv-00393-JVS-JCG<br><br>**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**<br><br>Assigned to Judge: Hon. James V. Selna |

WHEREAS, discovery in the above-entitled matter may require the production of documents containing trade secrets, confidential commercial, personal, or financial information, or protected health information, and may otherwise require disclosure of such information;

- 1 -    STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties, Plaintiff, The Regents of the University of California, on behalf of the University of Irvine Medical Center ("UC Irvine Health") and Defendant Premera Blue Cross ("Premera") acknowledge and agree that it is appropriate to provide safeguards to prevent the public dissemination of such confidential information, and to establish procedures to limit such disclosure.

WHEREAS, the Parties have agreed to the entry of this Confidentiality Agreement/Stipulated Protective Order, as evidenced by the signatures of their respective counsel;

IT IS HEREBY STIPULATED and agreed, as follows:

1. As used herein, "Confidential Information" shall mean any document or information in any form, or any portion thereof, supplied by one Party or a third party ("Producing Party") to another Party or third party ("Receiving Party") in this action that is designated "Confidential" or "Confidential—Attorney's Eyes Only" and relates to individual patient claims or contains confidential business, financial, personal, health, propriety, trade secret or commercial data of a sensitive nature.

2. All documents, information or materials produced in this matter shall be treated as "Confidential Information" as defined in paragraph 1 above, provided, however, that by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any document or other material as Confidential Information. The Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in this action may contain information that is subject to statutory or regulatory privacy protections, including:

(a) Social Security numbers (5 U.S.C. § 522a(b));

(b) Personal information in files maintained for clients of public institutions or welfare recipients (42 U.S.C. § 671(a)(8); RCW 42.56.230(1); RCW 74.04.060);

(c) Health care information (Chapter 70.02 RCW);

    (d)    Protected health information as defined in the Health Insurance Portability and Accountability Act and its implementing regulations; and

    (e)    Other material protected by federal or state statute, regulation, or rule.

3.    All information designated "**Confidential**" shall be maintained in confidence, and not disclosed, directly or indirectly, including the very fact of production of Confidential Information, to any person except as provided in this paragraph:

    (a)    any authors or recipients of the Confidential Information in a communication occurring prior to production;

    (b)    outside counsel for the Parties in this litigation (including co-counsel, and members and employees of such counsel's law firm);

    (c)    in-house counsel for the Party;

    (d)    consultants or experts retained by a Party or its counsel to furnish expert or litigation support services for the prosecution or defense of this action, who have acknowledged and confirmed, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms.

    (e)    directors, officers and employees of the Party to whom it is necessary that the materials be shown for purposes of this legal action;

    (f)    pursuant to the restrictions set forth in Paragraph 9 of this Stipulated Protective Order and/or direction of the Court, officers of the Court and Court personnel;

    (g)    such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court; and

    (h)    witnesses (other than persons described in paragraph 3(a)) who have acknowledged and confirmed, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms.

Said access shall be for the sole limited purposes of this litigation, preparation for trial, or trial of this action.

4. Additionally, a Party may designate information as "**Confidential — Attorneys' Eyes Only**" (hereinafter "Attorneys' Eyes Only Material") if it believes in good faith to constitute, contain, reveal, or reflect highly confidential information, whether personal or proprietary, and the disclosure of which would be especially detrimental or harmful to the Producing Party or its business. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the "qualified persons" listed in subparagraphs 3(a), (b), (c), (e), (f) and (g) above, unless otherwise agreed or ordered. "Confidential—Attorney's Eyes Only" information may be shown to persons listed in Paragraphs 3(d) and 3(g) if the witness is an employee of the party who produced the information designated as "Confidential—Attorney's Eyes Only," if the witness is identified on the face of the document as a previous recipient, or if the party who produced the information designated as "Confidential—Attorney's Eyes Only" consents before such designated information is disclosed to the witness. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Stipulated Protective Order with respect to confidentiality shall also apply.

5. In the event a Party inadvertently fails to designate information or documents as "Confidential" or "Confidential—Attorney's Eyes Only" when copies are produced to another Party, the Producing Party shall diligently notify in writing all recipients who have the information or documents which should be designated as "Confidential" or "Confidential—Attorney's Eyes Only". The Producing Party shall specifically identify, by reference to document title, page number, and/or any alpha or numeric production designation, the material being designated as "Confidential" or "Confidential—Attorney's Eyes Only". The Producing Party shall have the right to recover all copies of the "Confidential" or

1  "Confidential—Attorney's Eyes Only" and apply the "Confidential" or
2  "Confidential—Attorney's Eyes Only" designation and the Receiving Party shall
3  return to the Producing Party all copies of the unlabeled material that was
4  inadvertently or unintentionally disclosed.  The inadvertent, unintentional, or *in
5  camera* disclosure of Confidential Information shall not, under any circumstances,
6  be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

7        6.    Any persons receiving information designated "Confidential" or
8  "Confidential—Attorney's Eyes Only" shall not reveal or discuss such information
9  to or with any person who is not entitled to receive such information, except as set
10 forth herein.

11       7.    If any Party objects to the designation of materials as Confidential
12 Information, then that Party shall state the objection by letter to all counsel of
13 record in this case.  If the Parties are unable to resolve the objection, any Party may
14 move the above-captioned Court for an Order that the challenged material does not
15 qualify as such under Federal law.  In any such proceeding, the Producing Party
16 shall bear the burden of proof for demonstrating that the material qualifies as
17 Confidential Information under as defined in this Agreement.  Until the Court rules
18 on the objection, the disputed material shall continue to be treated as Confidential
19 Information according to its designation as "Confidential" or "Confidential—
20 Attorney's Eyes Only".  Neither Party shall be obliged to challenge the propriety
21 of any designation of material, and a failure to do so shall not preclude a
22 subsequent attack on the propriety of such designation, unless prejudice can be
23 shown by the Producing Party to have resulted from the delay in challenging the
24 designation.

25       8.    In the event any Confidential Information is used in any pretrial or
26 discovery proceeding in this action, it shall not lose its confidential status through
27 such use.  All Confidential Information and pretrial deposition testimony given in
28 this action which contains or discusses Confidential Information shall be presented

only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

9. Subject to the Federal Rules of Evidence, all documents containing Confidential Information may be offered into evidence at trial, or any related hearing, only on the following conditions:

(a) *Use in Any Motion/Pre-Trial Filing*. The Parties agree that designated Confidential Information will not be filed in connection with any pleading, motion, or other pre-trial filing unless the Party seeking to file such information has a good faith belief that the filing of the Confidential Information is actually necessary. The Parties further agree that when any Party seeks to file a pleading, motion, or other pre-trial filing that contains or attaches Confidential Information, that Party shall notify the Party designating such information as Confidential Information as far in advance of filing as is practicable and the Parties shall negotiate promptly and in good faith to determine whether the designation may be lifted or the document redacted in such a way as to allow the document to be filed unsealed. If the Parties are unable to reach agreement, the Parties and the Court will allow the Party seeking to file the Confidential Information an additional five ( 5) court days to make the intended filing, in order to allow the designating Party to file a motion to seal the document(s) at issue in advance. . In all circumstances, the Party who designated the document as Confidential Information shall bear the burden to show that it is subject to protection from public disclosure under applicable law.

(b) *Use As An Exhibit at Trial or Evidentiary Hearing*. The Parties agree to promptly raise any disputes over the sealing or redaction of particular exhibits designated Confidential Information to be used at trial or at any evidentiary hearing with the Court after the identification of such exhibits and before any such trial or hearing. In all circumstances, the Party who designated the document as Confidential Information shall bear the burden to show that it is subject to protection from public disclosure under applicable law.

 1   10. Within sixty (60) days following the termination of this action through
 2 settlement or adjudication, including all appeals, all Confidential Information and
 3 Attorneys' Eyes Only Material shall be returned to the Producing Party or
 4 destroyed, and all copies, summaries or transcripts thereof, and any and all other
 5 documents which contain, reflect, refer, or relate to such Confidential Information
 6 or Attorneys' Eyes Only Material, which are not delivered to the Producing Party
 7 shall be destroyed. Upon written request, counsel of record for each Party shall
 8 attest to compliance with the terms of this paragraph in an affidavit or declaration
 9 served on each other Party within the 60-day period. This paragraph shall not
10 preclude counsel from maintaining a file copy of any pleading or hearing transcript
11 that contains or attaches Confidential Information or Attorneys' Eyes Only
12 Material.

13   11. This Stipulated Protective Order may be executed in counterparts,
14 each when taken together with the others, shall constitute a whole, as if executed
15 simultaneously on the same document.

16   12. The parties agree that, in the event the Court declines to enter this
17 proposed Order, the parties will continue to be bound by the terms of this
18 Stipulation and Confidentiality Agreement without regard to the Court's decision.

19
20
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

1  IT IS SO STIPULATED.

2  Dated:  November 8, 2016

3                                             STEPHENSON, ACQUISTO & COLMAN

4                                                    /s/ Shadi Shayan, Esq.

5                                                           SHADI SHAYAN
                                                             Attorneys for
6                                              THE REGENTS OF THE UNIVERSITY
7                                              OF CALIFORNIA ON BEHALF OF THE
                                               UNIVERSITY OF CALIFORNIA, IRVINE
8                                                       MEDICAL CENTER

10 Dated: November 8, 2016

12                                             VON BEHREN & HUNTER LLP

14                                                    /s/ Joann Lee, Esq.
                                                           JOANN LEE
15                                                         Attorneys for
                                                      PREMERA BLUE CROSS

- 8 -  STIPULATION AND PROTECTIVE ORDER

1 | PROTECTIVE ORDER

For good cause showing IT IS SO ORDERED.

Dated: <u>January 09, 2017</u>

_____
Jay C. Gandhi
U.S. Magistrate Judge

ACKNOWLEDGMENT OF _____

I, _____, do hereby declare:
(print name)

1. My address is _____
_____.

My present occupation is_____.

3. I have read a copy of the STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS ("Protective Order") in the action entitled <u>The Regents of The University of California v. Premera Blue Cross</u> (the "Litigation"), pending in the United States District Court – Central District of California, Civil Case No.: 16CV00393 and understand the provisions of the Protective Order.

4. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any materials that I receive in connection with the Litigation. I hereby consent to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the Order and this Certification.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of _____, 2016 at _____.

_____
(Signature)

# EXHIBIT "A"